UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Florence Bray, | ) | CASE NO. 1:11 CV 159 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Cuyahoga Cty. Bd. Of Commissioners, | ) | **Memorandum of Opinion and Order** |
| *et al.*, | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Remand (Doc. 8). This is a wrongful death action. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiff, Florence Bray, filed this action on behalf of herself and as administratrix of the estate of Crystal Dozier, against defendants, Cuyahoga County Board of Commissioners, Gerald T. McFaul, City of Cleveland, Lorrayne Coyne, Cuyahoga County Sheriff's Department, Georgia Hussein, Kristin Rayburn, Michael Baumiller, Antoinette McMahon, and John Doe defendants. Defendants removed this action from state court.

1

Non-party Anthony Sowell was arrested on December 8, 2008 for rape and assault. He was released into the community two days later. After his release, the decedent in this action was murdered and her body was subsequently discovered in the Sowell residence. Anthony Sowell is currently awaiting trial.

Plaintiff alleges that defendant City of Cleveland maintains a policy of "straight release and indict later," whereby the police perform only a cursory investigation within the first 24 to 48 hours. Rather than presenting evidence of probable cause, defendants release suspects with the idea that "down the road" the case could be presented to the grand jury for indictment. According to plaintiff, there was sufficient probable cause to charge Sowell after his arrest on December 8, 2008. Plaintiff alleges that defendants' failure in this regard resulted in the death of the decedent.

The complaint contains three claims for relief. Count one alleges that defendants acted "willfully, wantonly, and recklessly," and that as a result, the decedents died. Count two is a claim for negligent infliction of emotional distress. Count three alleges that the City of Cleveland's straight release policy neglects the safety of the community.

Plaintiff moves to remand this matter to state court and defendants oppose the motion.

**STANDARD OF REVIEW**

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b), on the grounds that this is a "civil action brought in State court of which the district courts of the United States have original jurisdiction . . . ." If the Court's jurisdiction is founded on a claim or right arising under the Constitution, treaties or laws of the United States, the action is removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b). The party

seeking removal bears the burden of demonstrating that the Court has jurisdiction. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Any doubt as to whether removal is proper must be resolved in favor of remand. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Whether an action arises under federal law is determined by reference to plaintiffs' well-pleaded complaint. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). *See also*, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)).  Under this rule, a case "arises under" federal law for purposes of § 1331 "when it is apparent from the face of the plaintiff's complaint either that the plaintiff's cause of action was created by federal law; or if the plaintiff's claim is based on state law, a substantial, disputed question of federal law is a necessary element of the state cause of action."  *Michigan Southern Railroad Co. v. Branch & Joseph Counties Rail Users Association*, *Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citations omitted).

## **ANALYSIS**

Defendants argue that federal jurisdiction exists over this matter because plaintiff engaged in "artful pleading."  Specifically, defendants argue that the complaint references unlawful "police policies and practices," which is "only cognizable as a federal claim."  According to defendants, plaintiff has artfully avoided pleading a 42 U.S.C. § 1983 claim. Defendants claim that state law provides immunity to defendants as the providers of police services.  Therefore, defendants argue that the only remaining basis for plaintiff's claim must lie in federal law.  According to defendants, count three provides the basis for federal jurisdiction. Plaintiff alleges that

>the City of Cleveland has a policy and practice which encourages the straight release of dangerous suspects who commit crimes and who should be subject to bail and prosecuted, thereby neglecting the safety of the community.

Similarly, plaintiff alleges that the Cuyahoga County has "a policy and procedure of not regularly checking on sex offenders and their activities."

Defendants argue that these allegations track the elements of a Section 1983 claim asserted pursuant to *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978).

In response, plaintiff argues that federal jurisdiction does not exist over this matter because there is no underlying federal or constitutional violation alleged. Specifically, plaintiff argues that the unlawful police "policy or practice" must result in a federal or constitutional violation of the plaintiff's rights. Plaintiff argues that they have alleged no such violation. Nor do defendants even attempt to point to an underlying federal violation. Thus, federal jurisdiction does not exist. Plaintiff argues that the Court need not address whether state statutory immunity exists with respect to plaintiff's claims as this is the function of the state court.

Upon review, the Court concludes that federal jurisdiction does not exist over this matter. In order to state a claim under Section 1983, plaintiff must allege that the police "policy or practice" resulted in a violation of the plaintiff's federal statutory or constitutional rights. See 42 U.S.C. § 1983; *See also, Monell*, 436 U.S. 658, 690 ("the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution"); *Pusey v. City of Youngstown*, 11 F.3d 652, 659 (6th Cir. 1993)("Municipal liability arises under section 1983 for *unconstitutional* policies or customs"). In this case, plaintiff does not allege that the City's policy of "straight release" resulted in a violation of the federal rights of the plaintiff. Rather, the allegations clearly state that the policy

4

or practice violates state law. Thus, while some of the language contained in the complaint might mirror a *Monell*-type claim, the complaint lacks a fundamental element of such a claim, namely an alleged violation of federal law. Moreover, as plaintiff correctly points out, defendants make no attempt to identify any federal law violation that would arguably support a Section 1983 *Monell* claim. Accordingly, federal jurisdiction does not exist over plaintiff's complaint.[1]

Plaintiff asks the Court to award fees and costs associated with the motion to remand. Upon review, the Court denies the request.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/18/11

---

[1] Having concluded that federal jurisdiction is lacking, the Court will not address whether the complaint states a claim under state law.